**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **WAVE LINX LLC,** | Civil Action No.: |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **SUGARCRM INC.** | |
| Defendant. | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff, Wave Linx LLC ("Plaintiff" or "Wave Linx"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1.   This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant SugarCRM Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 8,843,549 ("the '549 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2.   Plaintiff is a Texas limited liability company with its principal place of business at 2108 Dallas Parkway, Suite 214, #1010, Plano, TX 75093.

3.   Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 10050 North Wolfe Road, SW2-130, Cupertino, California, 95014. Defendant maintains a physical presence in this judicial district at


7979 East Tufts Ave, Suite 1450, Denver, Colorado, 80237. Upon information and belief, Defendant may be served with process c/o: C T Corporation System, 7700 East Arapahoe Road – Suite 220, Centennial, Colorado 80112-1268.

4.    Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.sugarcrm.com, which is in the business of providing communication services, amongst other services. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.sugarcrm.com, and its incorporated and/or related systems (collectively the "SugarCRM Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the SugarCRM Website.

## JURISDICTION AND VENUE

5.    This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.    This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.    Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10.     On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '549 Patent, entitled "Streaming Method for Transmitting Telephone System Notifications to Internet Terminal Devices in Real Time" after a full and fair examination. The '549 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11.     Plaintiff is presently the owner of the '549 Patent, having received all right, title and interest in and to the '549 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '549 Patent, including the exclusive right to recover for past infringement.

12.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13.     The invention claimed in the '549 Patent comprises a method for an application involving real-time notification of a client by a telephone switching system.

14.     Claim 1 of the '549 Patent states:

"1. A method for an application involving real-time notification of a client by a telephone switching system, comprising:

a) opening a connection between the client and a server;

b) transmitting notification messages from the telephone switching system to the server using a networking protocol;

c) transforming the notification messages at the server into a programming language code and using said networking protocol for sending the programming language code to the client, wherein the programming language code is executable by the client's browser;

d) using an HTTP streaming mechanism for transmission of the notification from the server to the browser through the open connection, whereby the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages; and

e) executing the programming language codes by the browser whereby the respective notification messages are displayed or outputted at the client." *See* Exhibit A.

15. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '549 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '549 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '549 Patent.

16. Dependent Claim 4 of the '549 patent states: "The method according to claim 1, further comprising: using the HTTP protocol for the client-server connection." *See* Exhibit A.

17. Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 4 of the '549 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 4 of the '549 Patent.

## DEFENDANT'S PRODUCTS

18. During the enforceability period of the '549 patent, Defendant offered solutions, such as the "SugarCRM Asterisk" system (the "Accused Product"), that enables a method for an application involving real-time notification of a client by a telephone switching system. For

example, the Accused Product performs the method of an application involving real-time notification of a client by a telephone switching system. A non-limiting and exemplary claim chart comparing the Accused Product to Claim 1 of the '549 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

19. As recited in Claim 1, the Accused Product practices a method for an application involving real-time notification (e.g., incoming phone call notification by a user utilizing the SugarCRM Asterisk system) of a client by a telephone switching system. *See* Exhibit B.

20. As recited in one step of Claim 1, the Accused Product practices opening a connection between the client (e.g., when a user login to SugarCRM account for receiving incoming calls) and a server (e.g., SugarCRM's server). *See* Exhibit B.

21. As recited in another step of Claim 1, the Accused Product practices transmitting notification messages from the telephone switching system (e.g. calls that originate from a traditional phone switching network) to the server (e.g., SugarCRM's server) using a networking protocol (e.g., IP). *See* Exhibit B.

22. As recited in another step of Claim 1, the Accused Product practices transforming the notification messages (e.g., incoming phone call notification received by a user utilizing the SugarCRM Asterisk system) at the server (e.g., SugarCRM's server) into a programming language code (e.g., markup language code such as HTML code) and using said networking protocol (e.g., IP) for sending the programming language code to the client (e.g., a user utilizing a web browser based version of the SugarCRM Asterisk system), wherein the programming language code is executable by the client's browser (e.g., the web browser of a user). *See* Exhibit B.

23. As recited in another step of Claim 1, the Accused Product practices an HTTP streaming (e.g., call or a messaging session streaming to a user's web browser) mechanism for transmission of the notification (e.g., incoming phone call notification received by a user utilizing the SugarCRM Asterisk system) from the server (e.g., SugarCRM's server) to the browser (e.g., web browser of the user such as Google Chrome) through the open connection (e.g., a call queue which supports transmission and storage of notifications from SugarCRM's server to a said website with the Web Widget), whereby the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages. *See* Exhibit B.

24. As recited in another step of Claim 1, the Accused Product practices executing the programming language codes (e.g., markup language code such as HTML code) by the browser (e.g., web browser of the user such as Google Chrome) whereby the respective notification messages are displayed or outputted (e.g., display notification or play sound) at the client. The user i.e. a business or customers can place a call from various devices which will thereby be notifying the SugarCRM server so that the recipient can receive an in-app notification. *See* Exhibit B.

25. The elements described in paragraphs 18-24 are covered by at least Claim 1 of the '549 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '549 Patent.

26. As to Claim 4, the Accused Product uses the HTTP protocol (e.g., by means of an http browser) for the client-server connection. *See* Exhibit B.

27. The elements described in paragraphs 19-24, and 26 are covered by at least Claim 4 of the '549 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '549 Patent.

## INFRINGEMENT OF THE '549 PATENT

28. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

29. In violation of 35 U.S.C. §271, Defendant has directly infringed the '549 Patent.

30. Defendant has had knowledge of infringement of the '549 Patent at least as of the service of the present Complaint.

31. Defendant has directly infringed at least one claim of the '549 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '549 Patent, Plaintiff has been damaged.

32. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '549 Patent, pursuant to 35 U.S.C. §271.

33. Defendant has committed these acts of infringement without license or authorization.

34. As a result of Defendant's infringement of the '549 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

35. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart

depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

36. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '549 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: December 26, 2019                Respectfully submitted,

                                        SAND, SEBOLT & WERNOW CO., LPA

                                        Andrew S. Curfman
                                        (*pro hac vice forthcoming*)

                                        Howard L. Wernow
                                        Aegis Tower - Suite 1100
                                        4940 Munson Street, N. W.
                                        Canton, Ohio 44718
                                        Phone: 330-244-1174
                                        Fax: 330-244-1173
                                        Andrew.Curfman@sswip.com
                                        Howard.Wernow@sswip.com


                                        ATTORNEYS FOR PLAINTIFF

9